# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2127

_____

| | | |
|---|---|---|
| Daniel Joseph Milner, et al., | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| City of Hazelwood, | * | |
| | * | [PUBLISHED] |
| Defendant - Appellee. | * | |

_____

Submitted:  December 18, 1998

Filed:  February 2, 1999

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

The Fair Labor Standards Act (FLSA) generally requires employers to pay employees at overtime rates for work in excess of forty hours per workweek.  See 29 U.S.C. § 207(a)(1).  However, the Act contains an exemption for public employers who employ police officers and firefighters for established work periods of up to twenty-eight days.  See 29 U.S.C. § 207(k).  Under the Secretary of Labor's implementing regulations, a work period is defined as "any established and regularly recurring period of work."  29 C.F.R. § 553.224.  Public employers who establish twenty-eight-day work periods under § 207(k) need not pay overtime rates to employees who work 171 hours or less in a particular work period.  See 29 C.F.R.

§§ 553.201(a), 553.230(c). In this case, police officers employed by the City of Hazelwood, Missouri, sued to recover unpaid overtime compensation allegedly owed for the fifteen minutes they spend each day attending mandatory roll calls at police headquarters.

The City moved for summary judgment, submitting a September 15, 1985, Inter-Office Memorandum from the City Manager to his staff announcing the establishment of a twenty-eight-day work schedule for police officers, and affidavits from the Chief of Police and the City Manager averring that the City had thereafter scheduled police department personnel on a regularly recurring twenty-eight-day basis. The district court[1] granted summary judgment in favor of the City, concluding this evidence satisfies the work period requirements of 29 C.F.R. § 553.224, plaintiffs failed to refute this evidence, and therefore plaintiffs' overtime claims fail because the City is entitled to the 29 U.S.C. § 207(k) exemption as a matter of law.[2]

On appeal, plaintiffs argue there is a genuine fact dispute because the City pays them overtime on a daily basis, and because the September 1985 memorandum was not made public and is ambiguous. We agree with the district court that a city does not forfeit its § 207(k) exemption by paying overtime more generously than the Secretary's regulations would require, that the exemption need not be established by public declaration, and that the City's September 1985 memorandum unambiguously established the exemption by declaring, "In compliance with FLSA . . . [e]ffective September 15 . . . [t]he police department will be on a 28 day work schedule."

_____

[1]The HONORABLE LAWRENCE O. DAVIS, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was assigned by consent of the parties. See 28 U.S.C. § 636(c)(1).

[2]The district court also dismissed FLSA minimum wage and state law claims that are not at issue on this appeal.

Plaintiffs further argue the FLSA entitles them to compensation at their *regular* rates whenever unpaid time attending mandatory roll calls increased their total hours in a twenty-eight-day work period to more than 160 hours but less than the 171 maximum hours permitted in the § 207(k) regulations. As the district court noted, this claim was not pleaded and was untimely raised in response to the City's motion for summary judgment. In any event, it is without merit. See Monahan v. County of Chesterfield, 95 F.3d 1263 (4th Cir. 1996).

The judgment of the district court is affirmed. We deny the City's motions to strike appellants' brief and portions of the joint appendix and to dismiss the appeal.

A true copy.

        Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.